## ALICE L. JONES vs. THEODORE F. JONES.

Upon a bill for divorce on the ground of adultery, the confessions of the defendant, made under circumstances which exclude all suspicion of an attempt to fabricate evidence, and of any collusion between the parties to the suit, and sustained by facts irreconcilable with his innocence, will entitle the complainant to a decree.

Jones *v.* Jones.

*Mr. J. P. Jackson*, for complainant.

BEASLEY, C. J., sitting as Master.

The case laid in the bill is established, to my satisfaction, by the evidence. It is true that the fact of adultery is mainly proved by the confession of the defendant, which is a piece of testimony open to much suspicion in a case of this character. Indeed, the approved rule of law appears to be, that a divorce will not be granted, when the admissions of the criminal party constitute the entire basis upon which to rest the conclusion of guilt. Such evidence, it is said, may convince to a moral certainty, but it does not fill the measure of legal proof. That such a standard for legal judgment could not safely be adopted, is apparent, when we consider the ease with which the entire case could be simulated by colluding parties. The precedents, therefore, wisely require something more than the naked declarations of the defendant.

In this case such additional proof has been supplied. It is shown that the defendant, after his marriage, visited houses of ill-fame, on occasions and under circumstances entirely irreconcilable with any purpose but a vicious one, and there is strong reason to believe that he contracted a disease, the existence of which would afford plenary evidence of his guilt. Added to these circumstances, his confessions were made at various times, to different persons, and in a manner which excludes the least suspicion of an attempt to fabricate evidence, and of any collusion between the parties to the suit.

I hold the prayer of the complainant should be granted, and shall advise his honor, the Chancellor, accordingly.